## THE PEOPLE v. SANTOS.

### APPEAL from the District Court of Aguadilla.

No. 22.—Decided April 28, 1905.

CONTINUANCE—ABSENCE OF WITNESSES—WITHIN THE DISCRETION OF THE COURT.—A motion for a continuance, on the ground that a witness duly summoned has failed to appear at the trial, is within the sound discretion of the court, and the ruling thereon will not be disturbed on appeal in the absence of a showing of an abuse of discretion.

EVIDENCE—REPORT.—The report of a physician who examined the woman seduced under promise of marriage is inadmissible.

APPEAL—DOCUMENTS NOT A PART OF THE RECORD.—The Supreme Court will not consider on appeal any document which was not presented and made a part of the record.

SEDUCTION—INFORMATION—DATE—STATUTE OF LIMITATIONS.—The fact that the evidence showed that the crime was committed on a different date from that alleged in the information is immaterial, it being only necessary that the information show that the offense was committed prior to the filing thereof and within the statute of limitations.

ID.—JUDGMENT.—Where, by the judgment rendered in a criminal case, the accused is found guilty of the crime with which he is charged in the information, it will be understood that all the essential allegations of the information have been proved to the satisfaction of the court by competent evidence introduced on the trial.

ID.—INFORMATION—REQUISITES.—Where an information contains the essential requisites provided for by section 82 of the Code of Criminal Procedure it is sufficient to justify the trial and conviction of the accused.

ID.—CORROBORATION OF TESTIMONY OF THE PROSECUTRIX.—In cases of seduction under promise of marriage, prosecuted in accordance with section 261 of the Penal Code, the defendant may be convicted on the sole testimony of the injured female; corroboration being only necessary with respect to those crimes defined in section 260 of said code.

NEW TRIAL.—Motions for new trial, according to the provisions of chapter 7 of the Code of Criminal Procedure, must be filed in the district court and not in the appellate court, which has no jurisdiction of such motions.

SEDUCTION—EVIDENCE—CHARACTER OF THE INJURED FEMALE.—In a prosecution for seduction it is not necessary to prove that the injured female was a virgin when the crime was committed, because she may have lost her virginity and still be of chaste character.

ID.—PROMISE OF MARRIAGE.—Neither is it necessary to expressly prove that the defendant promised to marry the prosecutrix and that she consented to commit the act by reason of such promise only, because in these cases the evidence will be considered sufficient if the circumstances are such as to justify the conclusion that the act would not have been committed except under promise of marriage.

ID.—If it appears to have been proved by the evidence that the defendant visited the house of the injured female as her fiancé, and that the family considered that a promise of marriage existed between them, and such fact does not appear to have been contradicted by any circumstances, it will be sufficient to consider proved that the seduction was committed under the promise of marriage.

The facts are stated in the opinion.

*Mr. Alvarez Nava,* for appellant.

*Mr. Rossy, Fiscal,* for respondent.

MR. JUSTICE MACLEARY delivered the following opinion of the court:

The defendant in this case was accused by information duly presented on the 23d day of September, 1904, of having seduced under promise of marriage a certain woman therein named, and was tried in the District Court of Aguadilla on the 12th of October last and found guilty as charged in the information.

On the 17th of the same month he was sentenced to pay a fine of $500 or to be imprisoned in the penitentiary at hard labor for the period of one year, and to the payment of all costs. From this judgment he took an appeal to this court. His attorney in this court filed a lengthy brief, and argued his case orally with much earnestness and ability.

But on examination of the record, only one point seems to have been duly reserved by an exception properly taken, and that was that the court had refused to suspend the trial on account of the non-appearance of Dr. Guzmán Rodríguez, a witness for the defendant, who was the physician who had made an examination of the injured female and reported on her physical condition. It appears that this witness was duly subpoenaed to attend, and failed to do so at the proper time. During the trial the defendant's counsel sought to introduce the report made by the physician, which was properly excluded, and thereupon he asked for an adjournment of the proceedings until the attendance of the physician could be secured. His request was refused by the court and duly excepted to. Certainly this action on the part of the court was within the discretion of the judge, and no abuse of that discretion having been shown by the record, his action will not be reversed by this court.

With this brief, which was filed in this court on the 11th of February last, the attorney for the defendant and appellant presented certain documents which he asked to be considered as a part of the record. They were admitted provisionally, and without prejudice to the case. They consisted of the following:

1st. A certified copy of the complaint sworn to and presented before the justice of the peace at Añasco by Ramón Ramos Arce, the brother of the injured woman.

2d. A certified copy of the report given to the justice of the peace by Dr. Guzmán Roríguez, who examined the injured party.

3d. The opinion of Dr. Font y Guillot, who also examined the injured woman and the child to which she gave birth.

4th. A certificate from the civil registry relative to the inscription of the birth of the child above mentioned.

5th. A copy of the notarial document in which appears the declaration of Agripina Ramos relative to the date of her confinement, and of the presentation of her child in order that it might be recognized by Dr. Font y Guillot.

The documents, in order to have any standing in this court, should have been duly presented with an accompanying motion before the trial court, and there considered and passed upon, if that court so determined. Not having presented them in the trial court, they cannot be considered here, as they properly form no part of the record in this case.

One of the first objections raised by the appellant to the judgment of the court below was that he had been found guilty of the crime of seduction, as charged in the information, and that there appeared to be a variance between the date charged in the information and the date proven on the trial, showing when the crime was committed. This variance is entirely immaterial, because according to sections 78 and 82 of the Code of Criminal Procedure it is only necessary that the information should show that the offense was committed sometime prior to the filing thereof and the precise day on which the offense was committed need not be stated in the information, except where the time is a material ingredient in the offense. As to the proof, it need not correspond exactly with the dates set forth in the information and is sufficient if it shows the crime to have been committed any time within the dates prescribed by the statute of limitations. The statute of limitations in this case is three years, according to section 78 of the Penal Code; hence the proof produced upon the trial as to the date of the commission of the offense was sufficient.

The judgment of the court having recited that the defendant was guilty as charged in the information merely meant

that he was guilty of the crime charged against him in the information and that by the evidence all the material allegations therein set forth had been proven to the satisfaction of the court. For this reason this objection presented by the appellant's counsel must be disregarded.

It is also contended that the information does not contain all the requisites prescribed by the statute for its validity. By a comparison of the document itself with section 82 of the Code of Criminal Procedure, which prescribes the essentials of an information, it will be seen that the one presented in this case is amply sufficient to justify the trial and conviction of the accused.

A further objection urged by the appellant's counsel is that the accused was convicted upon the sole testimony of the offended party, without any corroborative proofs. He contends that under section 250 of the Code of Criminal Procedure it is necessary for the testimony of the injured person to be corroborated by other witnesses, in order to base a conviction thereupon. Corroboration is necessary in prosecutions under section 260 of the Penal Code but not in cases arising under section 261 of that Code.

This is in accordance with the decisions of the Supreme Court of California rendered upon a section of the Penal Code entirely analogous, in fact exactly identical, with ours. Compare sections 261 of the Penal Code of Porto Rico with section 268 of the Penal Code of California. (*People* v. *Wood,* 118 California 672.)

On a comparison of section 250 of the Code of Criminal Procedure of Porto Rico with section 1108 of the Penal Code of California it will be found that they are identical, and have reference to other crimes than the one charged in this case; among others abducting a female for the purpose of prostitution, and that by neither of them is corroborative evidence required in cases of seduction under promise of marriage.

The appellant's counsel further makes a strenous effort

to have this court grant a new trial on the production of affidavits and other documents, showing newly discovered evidence. He seems to think that the Supreme Court can grant a new trial for the reasons stated in the statute, and found in the Code of Criminal Procedure, Chapter VII. (See Revised Statutes, pages 690 *et seq.*)

In section 301 of the Code of Criminal Procedure it will be found that "a new trial is a re-examination of the issue in the *same court,* before another jury, after a verdict has been given." This shows that Chapter VII of the Code of Criminal Procedure has no reference whatever to procedure in the Supreme Court, but is confined entirely to the trial courts, and the effort of counsel on this point is misdirected.

Defendant's counsel takes great pains to analyze the offense of seduction, and divides it into its various essential parts, taking them up one by one, and discussing them at length, and endeavoring to show that the proof fails to make out the commission of the crime. By a comparison of the evidence adduced on the trial with the definition of the offense in section 261 of the Penal Code, it will be found that each and every essential requirement of the crime was proven by competent evidence.

It was not necessary to prove affirmatively that the injured female was a virgin; she may have lost her virginity and still be a woman of previous chaste character. There is nothing in the evidence to show that the injured person in this case was not chaste. Some of the witnesses testified that she was imprudent, and perhaps a little gay, but none of them said that she was a woman of bad character. Nor is it necessary for the evidence to show expressly that the seducer promised to marry the prosecutrix and thereby accomplished his purpose, and that her consent was expressly given on account of such consideration. It is amply sufficient if the circumstances are such as to warrant the deduction that the act would not have been accomplished without, or in the ab-

sence of such promise. (See *People* v. *Wallace* 109 California 611.)

The facts of this case show that the defendant visited the house of the injured female's parents in the capacity of an accepted lover, and that it was understood by the family that they were engaged to be married. We deem this proof sufficient to support the judgment when not contradicted by any other circumstance.

A careful examination of all the authorities cited by appellant's counsel fails to show any principle of law which would prevent the conviction in this case from standing good. Inasmuch as under the law and the facts, as developed in the record, defendant was properly convicted, the judgment of the trial court should be affirmed.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, Figueras and Wolf concurred.